FOREST C. BOSWORTH
AND
LELAND D. BOSWORTH, APLTS.
FROM THE DECREE OF JUDGE OF PROBATE
Somerset.    Opinion, March 29, 1950.

*Butler and Bilodeau,* for petitioners.

*Gould and Shackley,* for respondents.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J. This case is before us on report on an agreed statement of facts.

Lizzie H. Bosworth died November 30, 1946. The appellants are the administrators of her estate. The defendant, Lulu B. Shepley, was her daughter. The administrators claim as the property of the estate the amount on deposit in the Skowhegan Savings Bank, Account No. 27,771, amounting to $2,938.32. All funds in this account were deposited by Lizzie H. Bosworth in whose name the account was originally opened June 22, 1920. It remained in her name until December 6, 1944 when she had it made payable to "Mrs. Lizzie H. Bosworth or Mrs. Lulu B. Shepley, Payable to Either or the Survivor." She retained possession of the bank book on which the account was so designated. The case arises on a petition of the administrators to the Judge of Probate of the County of Somerset to determine whether this deposit belongs to Mrs. Shepley, the daughter, or to the estate of Mrs. Bosworth. The Judge of Probate found that it was the property of the daughter and not of the estate. From this decree the administrators appealed and the case is now before us on report from the Supreme Court of Probate.

The daughter claims this deposit under the provisions of R. S., 1944, Chap. 55, Sec. 36, relative to accounts standing in the names of two or more persons payable to either or the survivor. This statute reads in part as follows:

"II. All such accounts opened or such shares in loan and building associations issued on or after the 1st day of August, 1929, payable to either of two or more, or the survivor, up to, but not exceeding an aggregate value of $3,000, exclusive of interest and dividends, in the name of the same persons in all savings banks, loan and building associations, or trust companies within this state, to-

gether with the additions thereto and increment thereof, including interest and dividends, shall, in the absence of fraud or undue influence, upon the death of any of such persons, become the sole and absolute property of the survivor 'or survivors, even though the intention of all or any one of the parties be in whole, or in part, testamentary, and though a technical joint tenancy be not in law or fact created."

If this account had been opened prior to August 1, 1929, it would have been on the facts here stipulated the property of the estate of Mrs. Bosworth. If opened on or after August 1, 1929, it would have belonged to the daughter as the survivor. The only question therefore is whether this account was opened as claimed by the daughter on December 6, 1944. The Judge of Probate found that it was. That ruling was correct. The provisions of R. S., 1944, Chap. 55, Sec. 36, III, provide that accounts opened prior to August 1, 1929 may be brought within the provisions of Section 36, II, by filing a written declaration in form prescribed by the bank commissioner. Paragraph III does not apply here; for the account here in question was opened subsequent to August 1, 1929. Mrs. Bosworth could have withdrawn the money on deposit in her individual name and redeposited it immediately in the joint names of herself and her daughter; and there seems not the slightest reason why she could not have accomplished that result by having such change noted on the existing bank book. The method employed did not affect the substance of the transaction. It was purely a matter of convenience.

In accordance with the stipulation of the parties the case is remanded to the Supreme Court of Probate for the entry of a decree that the money represented by the account in question is the property of Lulu B. Shepley and not of the Estate of Lizzie H. Bosworth.

*So Ordered.*